UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CA,<br><br>Plaintiff,<br><br>v.<br><br>$248,970.00 UNITED STATES CURRENCY,<br><br>Defendant. | No. 2:23-cv-0033 TLN DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Interpleader Analeah Moriah Gonshorowski is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On January 9, 2023, interpleader filed a purported notice of removal of this action from the Yuba County Superior Court. (ECF No. 1.) On April 25, 2023, the undersigned issued interpleader an order to show cause as to why this matter should not be remanded to the Yuba County Superior Court. (ECF No. 4.) On May 16, 2023, interpleader filed a response. (ECF No. 6.)

    As the April 25, 2023 order explained, the notice of removal asserts that Analeah Moriah Gonshorowski is appearing "not individually" but on behalf of the "AG Revocable Living Trust." (Not. Rem. (ECF No. 1) at 4.) However, the right to represent oneself pro se is personal to the party and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th

1

1    Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant
2    appearing in propria persona has no authority to represent anyone other than himself.").
3       Interpleader's response asserts that the undersigned's statement of the law is "in error," as
4    "the CALIFORNIA STATE BAR IS no longer registered to do business in the state of
5    California." (ECF No. 6 at 4-5.) And that "the private member guild known as the NATIONAL
6    LAWYERS GUILD, was established by the Communist Party of America," so that forcing
7    interpleader to appear via counsel "would operate to alienate her from the In Rem property and
8    the registry funds held by a guardian de son tort." (Id. at 5.)
9       However, the law is clear that the AG Revocable Living Trust cannot be represented in
10   this action by a nonlawyer. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir.
11   1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another
12   entity, i.e., a trust, in a court of the United States.").
13      Moreover, interpleader's May 16, 2023 response includes a copy of the state court petition
14   for forfeiture which interpleader is attempting to remove to this court. The petition for forfeiture
15   is brought by the Yuba County District Attorney against the respondent currency. (Id. at 15.)
16   According to petition the currency was seized on June 15, 2021, by deputies of the Yuba County
17   Sheriff's Department while executing a search warrant. (Id. at 16.) According to the deputies
18   they located "an illegal cultivation site of 1,589 marijuana plants" and that "Analeah
19   Gonshorowski was growing marijuana for the purposes of sale." (Id. at 17.)
20      It is well established that the statutes governing removal jurisdiction must be "strictly
21   construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.
22   1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)); see also Syngenta
23   Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer
24   Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there
25   is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564,
26   566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking
27   removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)
28   (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)); see also Provincial

1  Gov't of Martinduque, 582 F.3d at 1087.  In addition, "the existence of federal jurisdiction
2  depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."
3  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th
4  Cir. 2000).  Where it appears, as it does here, that the district court lacks subject matter
5  jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).
6  　　　In removing this action, interpleader asserts that this court has "original jurisdiction
7  pursuant to 28 U.S.C. § 1335, 1333."  (Not. Remov. (ECF No. 1) at 5.)  "Under 28 U.S.C. § 1335,
8  a district court has jurisdiction of any civil action of interpleader involving money or property
9  worth $500 or more where two or more adverse claimants, of diverse citizenship as defined in 28
10 U.S.C. § 1332, 'are claiming or may claim to be entitled to such money or property,' if the
11 plaintiff has deposited the money or property with the court."  New York Life Ins. Co. v.
12 Connecticut Dev. Auth., 700 F.2d 91, 95 (2nd Cir. 1983) (footnote omitted).  "The requisite
13 diversity exists if at least two of the adverse claimants are citizens of different states, without
14 regard to the citizenship of other claimants or the stakeholder."  New York Life Ins. Co. v.
15 Connecticut Dev. Auth., 700 F.2d at 95 n. 5.
16 　　　Here, no money has been deposited with the court.  Nor are there two or more adverse
17 claimants of diverse citizenship.  See Kent v. Northern California Regional Office of Am. Friends
18 Service Committee, 497 F.2d 1325, 1327 (9th Cir. 1974) ("28 U.S.C. § 1335, requires that at least
19 two of the adverse claimants be of diverse citizenship.  The United States, for the purposes of
20 interpleader statute, is not a citizen of any state.").
21 　　　With respect to 28 U.S.C. § 1333, Congress has provided that federal district courts have
22 original jurisdiction in "[a]ny civil case of admiralty or maritime jurisdiction."  28 U.S.C. §
23 1333(1); Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 531 (1995).
24 "A party seeking to invoke such jurisdiction over a tort claim must satisfy conditions of both
25 location and connection with maritime activity."  Jerome, 513 U.S. at 534.  "A court applying the
26 location test must determine whether the tort occurred on navigable water or whether injury
27 suffered on land was caused by a vessel on navigable water."  Id.
28 ////

      Here, nothing before the court concerns navigable waters or a vessel.  Accordingly, for the reasons stated above the undersigned will recommend that this action be remanded.  See generally California v. $112,576 United States Currency, No. 2:23-cv-0031 TLN KJN PS, 2023 WL 2432813, at *1 (E.D. Cal. Mar. 9, 2023) (finding no federal question jurisdiction, no diversity jurisdiction, and no admiralty jurisdiction based on State of California asset forfeiture action under California law).

      Accordingly, IT IS HEREBY RECOMMENDED that this action be summarily remanded to the Yuba County Superior Court and that this case be closed.

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 22, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\people0033.remand.f&rs